UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLONIAL SAVINGS, F.A., | : | Case No. 1:05-cv-1822 |
| **Plaintiff,** | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| TONY L. BURNS, *et al.*, | : | **DEFAULT JUDGMENT ENTRY** |
| | : | |
| **Defendants.** | : | |

This cause was submitted to the Court and heard upon Plaintiff's *Complaint For Foreclosure* (Doc. 1) and *Application for Default* (Doc. 9), James Rokakis' (Cuyahoga County Treasurer)[1] Answer, and the evidence. The Court finds that:

(1) all necessary parties have been properly served and are properly before the Court;

(2) Tony L. Burns and Takia Burns, Defendants herein, are in default of answer and are, therefore, barred from asserting any right, title or interest as to the property herein; and

(3) Defendant Richard Roe (Unknown Occupant) is **DISMISSED** as a party defendant.

The Court finds that there is due the Cuyahoga County Treasurer, accrued real property taxes, penalties, and interest thereon, upon the premises described herein, the exact amount being unascertainable at this time, but which amount will be determined at the time of the sale of said premises, for which amount the said Treasurer has a good and valid lien.

---

[1] Though not formally styled as a cross-claim, Defendant Rokakis seeks judgment for the amounts due in connection with taxes, assessments, penalties and the like, with such amounts, *via* liens, being paid according to their priority.

The Court further finds that there is due the Plaintiff the sum of **Ninety Two Thousand Four Hundred Eighty Four and 41/100 Dollars ($92,484.41) with interest at the rate of 7% per annum from the 1st day of December, 2004** upon the Promissory Note set forth in Plaintiff's Complaint, for which judgment is hereby rendered in favor of Plaintiff and against **Tony L. Burns**. The Court finds that in order to secure the payment of said Note, a certain Mortgage Deed as set forth in Plaintiff's Complaint was executed to Plaintiff.

The Court further finds that on October 15, 2001, said Mortgage Deed was filed for record in Instrument No. 200110150508 of the Cuyahoga County Records and thereby became, and is a good, valid and subsisting first mortgage lien upon said premises; that said mortgage was ultimately assigned to the Plaintiff; that the conditions of said mortgage have been broken and that Plaintiff is entitled to foreclosure.

The Court further finds that Plaintiff has advanced, or may advance, during the pendency of this action, sums for the payment of real estate taxes, hazard insurance premiums, and protection of the property described in the Plaintiff's Complaint (and its attachments), the total amount of which is undetermined at the present time, but which amount will be ascertainable at the time of the sale described herein, which amount may be added to the first mortgage lien of this Plaintiff. The Court reserves for further order a determination of the exact amount due to Plaintiff for said advances. The Court further finds that there is no just reason for delay in entering the judgment herein.

**IT IS THEREFORE, ORDERED, ADJUDGED and DECREED** that unless the sum set forth above, together with the costs of this action, is fully paid within three (3) days from the filing of this entry, the equity of redemption of all Defendants in the premises described in Plaintiff's Complaint and hereinbefore described, be foreclosed, and that an Order of Sale shall issue ordering

the same to be sold at public sale by the United States Marshal for the Northern District of Ohio, as upon execution and according to law, free and clear of all interest of all parties to this action after having the same property appraised and advertised according to law. In the event an Order of Sale is returned unexecuted, subsequent Orders of Sale shall issue upon request by Plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the Marshal, upon confirmation of sale, shall pay from the proceeds thereof the following:

- FIRST: To the Treasurer of this County, the unpaid taxes, assessments, interest and penalties due and payable on said premises.

- SECOND: To the Plaintiff Colonial Savings, F.A., sum of **$92,484.41 plus interest thereon at the rate of 7% per annum from the 1st day of December, 2004** plus the sums advanced for county taxes, insurance and/or property protection.

- THIRD: The balance, if any, to be held by the Sheriff, pending further Order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that upon distribution of the proceeds of sale as aforesaid, the Clerk of this Court shall issue his certificate to the Recorder of Cuyahoga County, directing him to enter the certificate on the margin of the records of said mortgage and liens releasing the same from the premises and subject to further order.

**IT IS SO ORDERED.**

                                          **s/Kathleen M. O'Malley**
                                          **KATHLEEN McDONALD O'MALLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**Dated: April 20, 2006**